IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) Criminal Action No. 22-00192-KD-B |
| MARIO J. TUNSTALL, | ) |
| **Defendant.** | ) |

**ORDER**

This action is before the Court on Defendant Mario J. Tunstall's appeal of detention order and motion for immediate release from custody (doc. 17). Upon consideration, and for the reasons set forth herein, the order of detention is affirmed, and the motion is denied.

I. Background

Tunstall was indicted for the offense of felon in possession of a firearm. The United States moved for detention. The Magistrate Judge held a detention hearing and entered an order of detention pending trial. The Magistrate Judge found that the United States had proven by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community should Tunstall be released (doc. 3).

The Magistrate Judge entered the order of detention on February 2, 2023. As a non-dispositive decision, Tunstall had fourteen (14) days to object. Fed. R. Crim. P. 59(a). Tunstall's appeal and motion for immediate release was filed February 17, 2023, one day beyond the 14-day period. Thus, he has waived his opportunity for review by the district court. Fed. R. Crim. P. 59(a) ("Failure to object in accordance with this rule waives a party's right to review.").

Although the "district judge must consider timely objections, the Court may still exercise its discretion and review the Magistrate Judge's decision. Fed. R. Crim. P. 59 (Advisory Committee Notes) ("Despite the waiver provisions, the district judge retains the authority to

review any magistrate judge's decision or recommendation whether or not objections are timely filed. This discretionary review is in accord with the Supreme Court's decision in Thomas v. Arn, [474 U.S. 140, 155 (1985)]. See also Matthews v. Weber, 423 U.S. 261, 270-271 (1976).").

II. Analysis

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, a defendant may be detained pending trial only after a hearing pursuant to 18 U.S.C. § 3142(f), and upon finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Here, the Magistrate Judge found that the United States had proven by "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (doc. 14, p. 2). In addition to findings made on the record, the Magistrate Judge based this decision on the evidence against Tunstall and his criminal history which includes convictions for drug offenses, domestic violence, and assault; his past failures to appear in court, prior revocations of probation or release, attempts to evade law enforcement, arrests on new charges while on release; and admitted daily marijuana use notwithstanding his release on bond for pending related state charges (Id., p. 2-3). Although noting Tunstall's prior failures to appear in court as ordered, prior attempts to evade law enforcement, and prior violations of probation, parole, or supervised release, the Magistrate Judge made no finding as to conditions of release that would assure Tunstall's appearance (Id.).

"Pursuant to 18 U.S.C. § 3145, following a magistrate's order that a detainee be held without bond pending trial, the detainee may move the district court to revoke or amend the magistrate's pretrial detention order." United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). "[I]n this situation, the district court must conduct an independent [i.e., de novo] review to determine whether the magistrate properly found that pretrial detention is necessary." Id. To do so,

2

the district court must "exercise *independent consideration* of all facts properly before it[.]" Id. (italics in original). See also S.D. Ala. Crim. LR 46.1(c) ("[u]nless additional evidence[1] is received on review, the District Judge reviews an order of release or detention de novo on the record made before the Magistrate Judge.").

Tunstall does not challenge the Magistrate Judge's factual findings (doc. 17).[2] In that circumstance, the Court may, upon review of the pleadings and the evidence developed at the detention hearing, determine that the Magistrate Judge's "factual findings are supported and that the [Magistrate Judge's] legal conclusions are correct." United States v. King, 849 F.2d at 490. "The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention." United States v. King, 849 F.2d at 490. However, should the Court adopt the Magistrate Judge's decision that pretrial detention is necessary, but finds that "certain of the magistrate's underlying conclusions or factual findings are incorrect or unsupported by the evidence" the Court must enter "its own findings in writing and a written statement of reasons supporting pretrial detention" Id.

Accordingly, upon de novo review of the pleadings, the recording of the detention hearing, the Pretrial Services Report, the applicable presumption, and independent consideration of the facts before the Court, the Court **adopts** the Magistrate Judge's factual findings and legal conclusions that pretrial detention is necessary because Tunstall is a danger to the safety of the

---

[1] Tunstall presented statistical data to support his argument that federal defendants on bond rarely flee or recidivate and therefore, he is at a "statistically low risk of flight" (doc. 17, p. 4-6).

[2] Tunstall does not argue that the Magistrate Judge made erroneous factual findings (doc. 14, p. 3). Thus, this Court need not "enter its own findings of fact" since no "factual issues remain to be resolved." United States v. King, 849 F. 2d at 490.

community.

However, upon de novo review, the Court finds that pretrial detention is also necessary because the United States met its burden to prove by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Tunstall's appearance as required. United States v. Roberts, No. 1:22-CR-228-ECM, 2022 WL 11455294, at *2 (M.D. Ala. Oct. 19, 2022) ("It is the government's burden to prove 'by a preponderance of the evidence that [Defendant] posed a risk of flight, and ... by clear and convincing evidence that [he] posed a risk of danger to the community.'") (quoting United States v. Quartermaine, 913 F.2d 910, 915 (11th Cir. 1990)).  In reaching this decision, the Court considered Tunstall's failure to appear for court on seven (7) occasions and revocation of probation or supervision on five (5) occasions, as well as the nature and circumstances of his offense, the weight of the evidence against him, his history and characteristics including ties to the community, past conduct, and criminal history, and the nature and seriousness of danger if released. The Court acknowledges that Tunstall may have been compliant with conditions of release on his state court bond for the related offenses.  However, his criminal history supports a finding that no condition or combinations of conditions would reasonably assure his appearance as required.  Accordingly, for the reasons set forth herein, the order of detention is affirmed, and Tunstall's motion is denied.

**DONE** and **ORDERED** this the 6th day of March 2023.

 **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**